JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Angela K. Gentry, Individually and Executrix of the Estate of Troy Lee Gentry, Deceased | Sikorsky Aircraft Corporation, et al. |

**(b)** County of Residence of First Listed Plaintiff    Franklin, TN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Stratford, CT
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Arthur A. Wolk, Esquire, The Wolk Law Firm
1710-12 Locust Street, Phila., PA 19103
(215) 545-4220

Attorneys *(If Known)*
John C. McMeekin II, Esquire, Rawle & Henderson LLP
The Widener Building, One South Penn Square, Phila., PA 19107
(215) 575-4200

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
     Plaintiff

☐ 2   U.S. Government
     Defendant

☐ 3   Federal Question
     *(U.S. Government Not a Party)*

☒ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**     **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☒ 315 Airplane Product      Product Liability | |      28 USC 157 |      3729(a)) |
| ☐ 140 Negotiable Instrument |      Liability    ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &      Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |      Slander      Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |      Liability    ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|      Student Loans | ☐ 340 Marine      Injury Product | |      New Drug Application | ☐ 470 Racketeer Influenced and |
|      (Excludes Veterans) | ☐ 345 Marine Product      Liability | | ☐ 840 Trademark |      Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |      Liability    **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|      of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending |      Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |      Product Liability    ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |      Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Property Damage |      Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |      Injury    ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury -      Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| |      Medical Malpractice |      Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |      Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee |      Income Security Act |      or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |      Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/      Sentence | |      26 USC 7609 |      Agency Decision |
| ☐ 245 Tort Product Liability |      Accommodations    ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | **IMMIGRATION** | |      State Statutes |
| |      Employment    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -    ☐ 550 Civil Rights | ☐ 465 Other Immigration | | |
| |      Other    ☐ 555 Prison Condition |      Actions | | |
| | ☐ 448 Education    ☐ 560 Civil Detainee - | | | |
| |      Conditions of | | | |
| |      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
     Proceeding

☒ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation -
     Transfer

☐ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1331, § 1332(a), § 1441(b) and § 1446

Brief description of cause:
Wrongful Death and Survival Action arising from helicopter accident.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
     UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE
03/08/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:  Angela K. Gentry, 318 Haddon Court, Franklin, TN 37067

Address of Defendant:  Sikorsky Aircraft Corporation, Stratford, Connecticut

Place of Accident, incident or Transaction:  Medford, NJ

*(Use Reverse Side for Additional Space)*

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

*RELATED CASE IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No ☒

CIVIL: (Place  X  in *ONE CATEGORY ONLY*)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act – Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☒ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury  (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate category)*

I,  John C. McMeekin II, Esquire  , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and cost;

☐ Relief other than monetary damages is sought.

DATE:  March 8, 2018       John C. McMeekin II, Esquire       81250

_____        _____        _____
                          Attorney-at-Law              Attorney I.D. #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  March 8, 2019       _____        81250
                          Attorney-at-Law              Attorney I.D. #

11384445-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Angela K. Gentry, Individually and as Executrix of the Estate of Troy Lee Gentry, Deceased | : : : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION |
| Sikorsky Aircraft Corporation, Sikorsky Global Helicopters, Inc. and Keystone Helicopter Corporation | : : | |
| Defendant | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to a clerk of court and serve on the plaintiff and all other parties, a case management rack designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

| | | |
|---|---|---|
| (a) | Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255 | ( ☐ ) |
| (b) | Social Security – Cases requesting review of a decision of the Secretary of Health and Human Service denying plaintiff Social Security Benefits. | ( ☐ ) |
| (c) | Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. | ( ☐ ) |
| (d) | Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos | ( ☐ ) |
| (e) | Special Management -- Cases that do not fall into tracts (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases) | ( ☒ ) |
| (f) | Standard Management -- Cases that do not fall into any one of the other tracks. | ( ☐ ) |

| | | |
|---|---|---|
| 03/08/18 | John C. McMeekin II | Sikorsky Aircraft Corporation and Helicopters Support, Inc., improperly named as "Sikorsky Global Helicopters, Inc. and Keystone Helicopter Corporation" |
| (Date) | Attorney-at-law | Attorney for Defendants |
| 215-575-4200 | 215-563-2583 | jmcmeekin@rawle.com |
| Telephone | FAX number | E-Mail Address |

11384825-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANGELA K. GENTRY, Individually | : | |
| and as Executrix of the Estate of | : | |
| TROY LEE GENTRY, Deceased, | : | |
| | : | Civil Action No.: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SIKORSKY AIRCRAFT CORPORATION | : | |
| SIKORSKY GLOBAL HELICOPTERS, INC. | : | |
| and KEYSTONE HELICOPTER | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1331, § 1332(a), § 1441(b) and § 1446, Defendants Sikorsky Aircraft Corporation and Helicopter Support, Inc., improperly named as "Sikorsky Global Helicopters, Inc. and/or Keystone Helicopter Corporation", by their attorneys, file this Notice of Removal of the above-captioned case from the Court of Common Pleas of Philadelphia County, Pennsylvania, in which this case is now pending, to the United States District Court for the Eastern District of Pennsylvania, and in support thereof, aver as follows:

1.     This is a wrongful death and survival action arising from the accident of a Schweizer 269C helicopter on September 8, 2017, near Medford, New Jersey which is alleged to have caused the death of Troy Lee Gentry.

2.     This action was commenced on February 14, 2018, by the filing of a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, February Term 2018, No.

001141 (hereinafter the "state action").  A copy of the Complaint is attached hereto as Exhibit "A".

3.      Plaintiff has named as Defendants "Sikorsky Aircraft Corporation", "Sikorsky Global Helicopters Inc.", and "Keystone Helicopter Corporation".  *See id.*

4.      Affidavits of Service were filed indicating that on February 15, 2018, Sikorsky Aircraft Corporation, Sikorsky Global Helicopter Inc., and Keystone Helicopter Corporation were served with the Summons and Complaint in the captioned matter.  The Affidavits of Service were procured from the Court of Common Pleas website and are attached hereto as Exhibit "B".

5.      Aside from the Complaint and the Affidavits of Service filed, there have been no other documents filed in this case.

6.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty days of February 15, 2018.

7.      A copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, and is being served upon Plaintiff and all parties of record pursuant to 28 U.S.C. § 1446(d).

8.      This is the proper district for removal pursuant to 28 U.S.C. §§ 118(a) and 1441(a) in that the Eastern District of Pennsylvania includes the County of Philadelphia, and is "the district and division embracing the place where such action is pending."

9.      Subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1332(a)(1) (diversity of citizenship) because complete diversity exists between Plaintiff and the only properly joined Defendant to this action, Sikorsky Aircraft Corporation.   And Helicopter Support Inc., improperly named as "Sikorsky Global Helicopters Inc., and/or Keystone

Helicopter Corporation" is a Connecticut corporation with its principal place of business in Connecticut and the amount in controversy exceeds $75,000.00.   Accordingly, complete diversity exists.   Subject matter jurisdiction is also being invoked on grounds of federal question jurisdiction.  28 U.S.C. § 1331.

## DIVERSITY JURISDICTION

10.     The named Plaintiff, Angela K. Gentry, Individually and as Executrix of the Estate of Troy Lee Gentry, is a resident of the state of Tennessee.  Ex. A, Complaint, ¶ 1.

11.     The Complaint is silent as to the citizenship of the decedent.  *See id.*  Upon information and belief, Troy Gentry was a citizen of Tennessee at the time of his death.

12.     Contrary to Plaintiff's assertion, Defendant Sikorsky Aircraft Corporation is not incorporated under the laws of Connecticut, with its principal place of business in Pennsylvania. Ex A, Complaint, ¶ 4.  Rather, Defendant Sikorsky Aircraft Corporation is incorporated under the laws of Delaware, with its principal place of business in Connecticut.  Declaration of Jerry Meshell dated March 6, 2018 ("Meshell Dec."), attached hereto as Exhibit "C" at ¶ 4.

13.     Defendant Keystone Helicopter Corporation is not a legally incorporated entity. Keystone Helicopter Corporation is not incorporated under the laws of any state or country and has no principal place of business.  *Id.* at Exs. 1-2.

14.     On October 3, 2011, Keystone Helicopter Corporation changed its name to Sikorsky Global Helicopters, Inc.  *Id.* at Exs. 1-2.

15.     Accordingly, as of October 3, 2011, "Keystone Helicopter Corporation" ceased to exist by operation of law.  *See id.*

16.     As of January 1, 2015, Sikorsky Global Helicopters, Inc., merged into Helicopter Support, Inc. Ex. C, Meshell Dec., at ¶ 7; *Id*. at Ex. 2.   Helicopter Support Inc., is incorporated in Connecticut with its principal place of business in Connecticut.  *Id*. at ¶ 8.

17.     As such, as of January 1, 2015, "Sikorsky Global Helicopter, Inc." as a legally incorporated entity ceased to exist.  *Id*. at ¶ 9.  In fact, Sikorsky Global Helicopter, Inc. is not incorporated in any state and has no principal place of business in any state.  *See id.*

18.     Rather, "Sikorsky Global Helicopter Inc.", is a fictitious entity.  *Id*. at Ex. 3. Indeed, Plaintiff acknowledges as much in the Complaint.  *Accord* Complaint, ¶ 8.   In compliance with the Fictitious Name Act, "Sikorsky Global Helicopters Inc." is registered in the State of Pennsylvania as a fictitious entity.  Ex. C, Meshall Dec, at ¶ 10; *Id*. at Ex. 3.  A fictitious name registered in accordance with the Act is not a separate, legally cognizable entity.  "The use of a fictitious name does not create a separate legal entity, but is merely descriptive of a person or association who does business under another name."  *See* Pennsylvania Department of State, Types     of     Filings     and     Registrations,     *Fictitious     Names*, *www.dos.pa.gov/BusinessCharities/Business/Resources/Pages/Fictitious-Names.aspx*     (last visited March 6, 2018).

19.     Thus, neither Sikorsky Global Helicopters, Inc., nor Keystone Helicopter Corporation are legal entities incorporated or principally placed in Pennsylvania and neither entity exists by operation of law.

20.     Accordingly, complete diversity exists in that Plaintiff is a resident of Tennessee and the only properly joined Defendant in this action, Sikorsky Aircraft Corporation, is incorporated in Delaware with its principal place of business in Connecticut.   In addition, although improperly named as Sikorsky Global Helicopter, Inc., Helicopter Support, Inc. is

4

incorporated in Connecticut with its principal place of business is Connecticut.    To the extent Helicopter Support, Inc. is deemed properly joined, complete diversity exists.

21.    Plaintiff has demanded judgment against the defendants in an amount in excess of $50,000.00, together with interest, costs, attorney's fees and such other relief as the Court deems appropriate.  Based on the nature of Plaintiff's Complaint seeking wrongful death and survival damages on behalf of plaintiff Angela Gentry and the adult and minor children of Decedent, the amount in controversy necessarily exceeds $75,000.00, exclusive of interest and costs.

## IMPROPER JOINDER OF FICTITIOUS OR NON-EXISTENT ENTITIES

22.    Improper joinder "serves as an exception to the typical requirements for removal of an action to federal court." *Moore v. Johnson & Johnson*, 907 F. Supp. 2d 646, 662 (E.D. Pa. 2012).  The doctrine of improper joinder applies to eliminate any named defendants not properly joined.  *See In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006).  Under this doctrine, a defendant may remove an action if it can establish that any in-state resident or non-diverse defendant was improperly named as a defendant for the sole purpose of defeating federal court jurisdiction.  *Id.* "A plaintiff may not thwart removal to federal court by including meritless claims against a non-diverse defendant." *Uon v. Tanabe Intern. Co., Ltd.*, 2010 WL 4946681, at *2 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)).

23.    Joinder is improper when there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant" or there is "no real intention in good faith to prosecute the action against the defendants or to seek a joint judgment." *Batoff*, 977 F. 2d at 851; *Boyer v. Snap-On Tools Corp.,* 913 F. 2d 108, 111 (3d Cir. 1990), *cert. denied,* 348 U.S. 1085 (1991).  To determine whether joinder is improper, a court may "look beyond" the allegations of the complaint to identify any indicia of improper joinder.  *Briscoe*, 448 F.3 at 218-

219; *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29-30 (3d Cir. 1985).  A finding of improper joinder "permits the district court to disregard the citizenship of such non-diverse or forum defendants, assume jurisdiction over the action, dismiss any such fraudulently joined defendants, and retain jurisdiction over the case." *Moore*, 907 F. Supp. 2d at 662 (citing *Briscoe*, 448 F.3d at 216).

24.     There can be no real intention in good faith to prosecute the action against Sikorsky Global Helicopters, Inc. or Keystone Helicopter Corporation or to seek a joint judgment from either or both of them when neither entity exists as a matter of law.

25.     On October 3, 2011, Keystone Helicopter changed its name to Sikorsky Global Helicopter Inc. and ceased to exist as an entity incorporated as Keystone Helicopter Corporation. Ex. C., Meshell Dec. at ¶ 6.

26.     As of January 1, 2015, Sikorsky Global Helicopter, Inc., merged into Helicopter Support Inc. *Id.* at ¶ 7; *Id.* at Ex. 2.  Thus, as of January 1, 2015, Sikorsky Global Helicopter Inc., ceased to exist as a corporate entity.  Helicopter Support Inc., incorporated in Connecticut and principally placed in Connecticut, is the surviving entity. *Id.* at ¶ 7-8.

27.     Accordingly, neither Sikorsky Global Helicopters, Inc. nor Keystone Helicopter Corporation is a properly joined party in this action and both were improperly joined for the sole purpose of preventing removal of this action pursuant to 28 U.S.C. § 1441(b).

28.     In light of the improper joinder of Sikorsky Global Helicopters, Inc. and Keystone Helicopter Corporation as defendants, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1).  Because diversity of citizenship exists between Plaintiff and the properly-named Defendant Sikorsky Aircraft Corporation, and if Plaintiff were to name Helicopter Support Inc., improperly named as "Sikorsky Global Helicopters, Inc. and/or

Keystone Helicopter Corporation", and the amount in controversy is in excess of $75,000, this matter may be removed to this Court by this Notice of Removal pursuant to 28 U.S.C. §1441.

## FEDERAL QUESTION JURISDICTION

29.     Federal question jurisdiction exists because Plaintiff's Complaint goes beyond the garden variety aviation tort case tying a state-law claim's standard of care to federal regulations. The Complaint makes it impossible to decide her claims without resolving the meaning of the Federal Aviation Administration's ("FAA") regulations, the scope of a manufacturer's duties under such regulations, and the federal government's decision-making with respect to a product's airworthiness as a result. Because they turn on substantial questions of federal law, Plaintiff's claims falls squarely within federal question jurisdiction annunciated in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg*, 125 S. Ct. 2363 (2005).

30.     Count III of Plaintiff's Complaint invokes the FAA's Federal Aviation Regulations ("FARs") to assert a "breach of the warranty of continued airworthiness support" under federal law.  Complaint, ¶¶ 67, 73.  Plaintiff further alleges that Mr. Gentry's death was the "direct result of this breach of the warranty of continued airworthiness support." Complaint, ¶ 73.

31.     By expressly asserting the existence of a federal warranty and its direct causal link to her damages, the Complaint makes it impossible to decide Plaintiff's breach of warranty claim without resolving federal legal issues.  Plaintiff does not allege a breach of an express warranty under state contract law.   Nor does plaintiff allege a breach of an implied warranty under state law.  Instead, Plaintiff's federal warranty claim necessitates resolving the legal meaning of the FAA's regulatory regime, with broad potential effect on manufacturers and the scope of their duties even beyond this case.  Paragraph 67 of the Complaint contains several

examples of how Plaintiff questions the obligations of a Type Certificate holder in the context of this federal warranty, by alleging:

- That as a result of its "ownership of the Type Certificate, the Sikorsky Defendants **became obligated to warrant** to the owners, operators, and to the world that the [helicopter] would…remain airworthy" (emphasis added);

- That "parts to support continued airworthiness would continue to be manufactured in sufficient quantities to support the fleet"; and

- That "there would be a robust product support organization to provide technical and flight support to those who own, operate, maintain and fly this model."

32.    Count II of the Complaint also contains a broad stroke against the FAA's regulatory regime.  After invoking the FAA's regulations regarding "airworthiness," Count II expressly states that:

> "**Continuing airworthiness means that** the Sikorsky Defendants must receive Service Difficulty Reports, make returned parts examinations from helicopters it is the Type Certificate holder for, collect information from the field about malfunctions, and with that information…make such corrections, additions, modifications and changes necessary to assure the continued airworthiness and safety of the helicopter and its occupants."   Complaint,¶ 54 (emphasis added).

33.    Thus, Plaintiff's Complaint does not simply impose a federal standard of care for strict liability and breach of state law warranty but instead makes it impossible to resolve her claims without addressing federal law.  To determine Plaintiff's claims, the Court must resolve (a) the fundamental meaning of the FAA's regulatory regime, (b) the scope of a manufacturer's responsibility after determining the regulations' meaning, including the meaning of any federal warranty, and (c) the federal government's role in determining airworthiness based upon such a federal warranty and based upon future changes and additions to existing products.

34.     As a result, this matter is removable under federal question jurisdiction because, as the above discussion shows, it turns on substantial questions of federal law.  *See, e.g., Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg*, 125 S. Ct. 2363 (2005); *Hopkins v. Walker*, 37 S. Ct. 711 (1917).  Under *Ramos v. Wal-Mart Stores, Incorporated*, 202 F.Supp.3d 457, 466 (E.D. Pa. 2016), "the case must present a federal issue that is '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'"  *Id.* (citations omitted).  *Ramos* also requires that the federal question must be "presented on the face of the plaintiff's properly pleaded complaint."  *Id.* (citations omitted).

35.     This case meets all the factors articulated in *Ramos*.  First, Plaintiff's Complaint necessarily raises federal issues by expressly invoking on its face, and directly linking, a federal warranty to the alleged incident and damages.  Complaint, ¶¶ 54, 67, and 73.  Second, the very existence and scope of such federal warranty is actually disputed in resolving this claim.  Third, the United States Congress itself recognized the significance of the federal government's safety interest in the FAA by deeming it "essential that one agency of government, and one agency alone, be responsible for issuing safety regulations if we are to have timely and effective guidelines for safety in aviation."  *Greene v. B.F. Goodrich Avionics Systems, Inc.*, 409 F.3d 784, 794 (6th Cir. 2005), citing H.R. Rep. No. 85-2360, reprinted in, 1958 U.S.C.C.A.N. 3741, 3761.  Fourth, it is important for a lawsuit implicating these significant federal matters to be guided by the "experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."  *Grable*, supra, at 2367.  Given the necessary implication of significant federal interests and federal law, and the fact that this is a complex, aviation product liability matter revolving around

such federal law, transferring this case to a federal court would not upset the balance of responsibilities between state and federal judges.

36.    This matter is therefore consistent with cases conferring federal question jurisdiction under Grable.  *See McMahon v. Presidential Airways, Inc.*, 410 F. Supp. 2d 1189, 1192, 1201 (M.D. Fla. 2006) (finding Grable jurisdiction over a state-law wrongful death claim arising from a plane crash involving the defendants' services of air transportation under a federal Department of Defense contract, because "civil liabilities arising out of the performance of federal procurement contracts' implicated a 'uniquely federal interest'" because it "directly affect[s] the terms of Government contracts through pricing or contractors declining to participate."); *see also Schaeffer v. Cavallero*, 29 F. Supp. 2d 184, 186 (S.D.N.Y. 1998) (denying plaintiffs' remand motion where plaintiff's state-law claim hinged on the construction of a FAA regulation that allowed airlines to refuse transport to passengers that the "carrier decides is or might be inimical to safety" because the interpretation of this regulation, "as authoritatively interpreted by the federal courts," had become "essential" to the state-law claim arising from an airline's refusal to transport the passenger).

37.    This matter represents the rare instance (perhaps first instance) where the Plaintiff in an aviation tort case invokes a claim that an aircraft manufacturer owes a federal warranty to purchasers, users and the public, necessitates resolving the very meaning of "airworthiness" under the regulations, and centers the proof of her case on these substantial federal issues.

WHEREFORE the state action is hereby removed to this Court.

**RAWLE & HENDERSON LLP**

By: _____

John C. McMeekin II
Attorney I.D. No. 81250

10

Susan M. Dean
Attorney I.D. No. 75621
The Widener Building
One South Penn Square
Philadelphia, PA 19107
T. (215) 575-4200
F. (215) 563-2583
jmcmeekin@rawle.com

Attorneys for Defendants,
Sikorsky Aircraft Corporation and Helicopter
Support, Inc., improperly named as "Sikorsky
Global Helicopters, Inc. and Keystone Helicopter
Corporation"

Dated: March 7, 2018

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of Removal of Defendants Sikorsky Aircraft Corporation and Helicopter Support, Inc., improperly named as "Sikorsky Global Helicopters, Inc. and Keystone Helicopters Corporation," was filed and served on all counsel of record on the date below via Regular United States Mail to:

Arthur Alan Wolk, Esquire
Michael S. Miska, Esquire
The Wolk Law Firm
1710-12 Locust Street
Philadelphia, PA 19103


RAWLE & HENDERSON LLP

By: _____
Susan M. Dean, Esquire
Attorney for Defendants

Dated:  March 7, 2018

# EXHIBIT A

Arthur Alan Wolk, Esquire
Michael S. Miska, Esquire
Attorney ID. Nos. 02091 and 309501
THE WOLK LAW FIRM
1710-12 Locust Street
Philadelphia, PA  19103
(215)545-4220



*Filed and Attested by the*
*Office of Judicial Records*
*14 FEB 2018 11:27 am*
*M. BRYANT*

Attorneys for Plaintiffs

---

| | |
|---|---|
| ANGELA K. GENTRY, Individually and as<br>Executrix of the Estate of TROY LEE GENTRY,<br>Deceased<br>318 Haddon Court<br>Franklin, TN  37067<br><div align=right>Plaintiff,</div><br>v.<br><br>SIKORSKY AIRCRAFT CORPORATION<br>110 East Stewart Huston Drive<br>Coatesville, PA  19320<br><br>and<br><br>SIKORSKY GLOBAL HELICOPTERS, INC.<br>110 East Stewart Huston Drive<br>Coatesville, PA  19320<br><br>and<br><br>KEYSTONE HELICOPTER CORPORATION<br>110 East Stewart Huston Drive<br>Coatesville, PA  19320<br><div align=right>Defendants.</div> | COURT OF COMMON PLEAS<br>PHILADEPHIA COUNTY<br><br>FEBRUARY TERM, 2018<br><br>NO. _____<br><br><br>JURY TRIAL DEMANDED |

### NOTICE TO DEFEND

    You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION AABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

<div align="center">

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania  19107
Telephone:  (215) 238-1701

</div>

<div align="center">

**AVISO**

</div>

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suta sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO, VAYA EN PERSONA O LLAME FOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO.   ESTA OFICINA PUEDE INFORMARLE COMO PUEDE CONSEGUIR UN ABOGADO.   SI NO TIENE EL DINERO SUFICIENTE PARA PAGAR LOS SERVICIOS DE UN ABOGADO, ESTA OFICINA PUEDE INFORMARLE SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS ELEGIBLES A UN PRECIO REDUCIDO O GRATIS.**

<div align="center">

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E. Informacion Legal
One Reading Center
Filadelfia, PA  19107
Telefono:  (215) 238-1701

2

</div>

Arthur Alan Wolk, Esquire
Michael S. Miska, Esquire
Attorney ID. Nos. 02091 and 309501
THE WOLK LAW FIRM
1710-12 Locust Street
Philadelphia, PA  19103
(215)545-4220                                          Attorneys for Plaintiffs

| | | |
|---|---|---|
| ANGELA K. GENTRY, Individually and as | : | COURT OF COMMON PLEAS |
| Executrix of the Estate of TROY LEE GENTRY, | : | PHILADEPHIA COUNTY |
| Deceased | : | |
| 318 Haddon Court | : | FEBRUARY TERM, 2018 |
| Franklin, TN  37067 | : | |
| Plaintiff, | : | NO. _____ |
| | : | |
| v. | : | |
| | : | |
| SIKORSKY AIRCRAFT CORPORATION | : | JURY TRIAL DEMANDED |
| 110 East Stewart Huston Drive | : | |
| Coatesville, PA  19320 | : | |
| | : | |
| and | : | |
| | : | |
| SIKORSKY GLOBAL HELICOPTERS, INC. | : | |
| 110 East Stewart Huston Drive | : | |
| Coatesville, PA  19320 | : | |
| | : | |
| and | : | |
| | : | |
| KEYSTONE HELICOPTER CORPORATION | : | |
| 110 East Stewart Huston Drive | : | |
| Coatesville, PA  19320 | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT IN LAW

### The Parties

1.     Plaintiff, Angela K. Gentry, is an individual, a citizen and resident of the State of

Tennessee, the widow of Troy Lee Gentry, deceased, who was killed in a helicopter crash on

September 8, 2017.

Case ID: 180201141

2.      Plaintiff has been appointed Executrix of the Estate of Troy Lee Gentry, deceased by the Probate Court of Davidson County, Tennessee on November 2, 2017.

3.      A foreign fiduciary for suit purposes was opened in the Orphan's Court of Philadelphia County, Pennsylvania on February 6, 2018.

4.      Defendant, Sikorsky Aircraft Corporation, is organized and existing under the laws of the State of Connecticut, with its principal place of business at 110 East Stewart Huston Drive, Coatesville, Pennsylvania 19320.

5.      At all times material hereto, Sikorsky Aircraft Corporation was in the business of designing, manufacturing and selling helicopters to both the civilian and military helicopter marketplace.

6.      Defendant, Keystone Helicopter Corporation (Keystone), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 110 East Stewart Huston Drive, Coatesville, Pennsylvania 19320.

7.      At all times material hereto, Defendant Keystone, a Sikorsky subsidiary, assumed the role, as directed by its parent, of all responsibility for the manufacture, support, engineering support, parts supply chain organization and product support for the Schweitzer 269 helicopter (aka Model 300CB) product line.

8.      Defendant, Sikorsky Global Helicopters, Inc. is either a fictitious name or a separate legal entity organized and existing under the laws of the Commonwealth of Pennsylvania, which name is the operational moniker for Sikorsky and Keystone Helicopter operations in Coatesville, Pennsylvania which is Keystone's principal place of business, it having no other outside of Pennsylvania.

2

9.     Defendants Sikorsky Aircraft Corporation, Keystone Helicopter Corporation and Sikorsky Global Helicopters shall be referred to hereinafter as "the Sikorsky Defendants".

10.    All Sikorsky Defendants do business in the City and County of Philadelphia by selling helicopters, sending employees on a regular basis into Philadelphia to support helicopters located in the City, and selling and supplying parts to operators and maintainers in the City.

11.    There are many Sikorsky helicopters based or located in this county, its airports, hospitals and office buildings that fly into, out of and over the County of Philadelphia daily.

**Damages Claimed**

12.    This Wrongful Death and Survival Act lawsuit is brought for all damages recoverable under the applicable law including but not limited to fear of impending death by mutilation, delayed death, pain and suffering, loss of care comfort companionship and consortium and support for the Plaintiff, Angela Gentry age 51, her 15 year old daughter Kaylee, and Troy Lee Gentry's 24 year old daughter Taylor, loss of inheritance, loss of life's pleasures, loss of earnings, loss of support and gifts, loss of care guidance and tutelage and all other damages recoverable under applicable laws.

13.    Troy Lee Gentry is survived by his wife, Angela K. Gentry, Taylor Gentry and Kaylee Gentry, his natural daughters.

14.    As a direct and proximate result of the accident which was caused by the misconduct of the defendants set forth above, Troy Lee Gentry suffered severe injuries and ultimately death, and plaintiff Angela K. Gentry, Individually and as Executrix of his Estate, demands recovery under the applicable Survival Act, for all recoverable damages, including, but not limited to lost earnings, net accumulations, pecuniary losses, conscious pain and suffering, funeral/medical expenses, and any other damages allowed under the applicable law.

3

15.     As a direct and proximate result of the accident which was caused by the misconduct of the defendants set forth above, plaintiff, individually and as Executrix of the Estate of Troy Lee Gentry, deceased, demand recovery for herself, Kaylee Gentry and Taylor Gentry and anyone entitled under the Wrongful Death statute, for all recoverable damages, including, but not limited to, loss of pecuniary benefits, loss of contributions for support, loss of parental, marital and household services, loss of society and comfort, loss of companionship, funeral expenses, emotional pain and anguish.  Such claims are made on behalf of all persons entitled to recover under the applicable wrongful death act including but not limited to his children, Taylor Gentry and Kaylee Gentry.

16.     As to claims asserted against each of the defendants, Plaintiff demands punitive damages for these defendants' reckless, outrageous, and intentional misconduct.

**Background**

17.     The accident helicopter was built in the year 2000 by Schweitzer Helicopter Corporation (Schweitzer), Elmira, New York.

18.     Schweitzer had purchased the product line from McDonnell Douglas Helicopters some years before and produced this model as the Schweitzer Model 300CB

19.     Schweitzer then sold the product line for this Model to Sikorsky, and disappeared.

20.     From the date Sikorsky bought the product line it, and it and the other Sikorsky defendants, had sole airworthiness responsibility for the Model 269 a/k/a/ (300CB) and its component parts.

21.     During the years after Sikorsky defendants purchased the product line, it resumed production at the Keystone facility, and that entity was chosen as the central support activity for the Model 269.

22.     As such, Keystone not only produced the helicopter, but also was responsible to integrate Sikorsky's parts supply legerdemain, which amounted to farming out parts supply to various vendors over whom it had virtually no direct control, thus, putting customers in an abyss of unavailability of OEM (original equipment manufacturer) replacement parts.

23.     Worse, by abdicating its parts supply responsibilities, the Sikorsky Defendants virtually guaranteed plausible deniability as to failures that they, and they alone, were responsible to track and correct before disaster struck in the form of a fatal accident.

24.     As a consequence, the Sikorsky Defendants left operators of the Model 269 without technical support, continuing airworthiness and flight information to address an ever increasing series of failures.

25.     In spite of their knowledge that this model had no modern crashworthy features that were long before incorporated into Model 269's for the military, the Sikorsky Defendants opted to offer no improvements in crashworthiness so that in the event of an accident, occupants had virtually no chance to survive or be less injured.

26.     Notwithstanding the foregoing, each of these Defendants treated the helicopter and its engine like an unwanted burden, while creating a serious and regular risk of serious injury or death as a result.

27.     The Sikorsky defendants are liable for the defects in the accident helicopter as they assumed the obligations of Schweitzer.  Moreover, this purchase was merely a continuation of Sikorsky's business, and the Sikorsky defendants undertook to conduct the same manufacturing operations of Schweitzer in an unchanged manner.

28.     As to all Defendants, the risk of making positive changes to maintain airworthiness was cheap and easy when compared to the risk to pilots and their passengers.

29.     The dangers from the lack of crashworthiness and defects in the engine, transmission and sprag clutch, throttle cables, engine attachments and absence of crashworthy features were unknown to the average user and consumer of this helicopter but well known to these defendants who made it a point to hide and deny and problems that could and did cause serious personal injury and death.

**The Accident**

30.     The accident helicopter was owned, maintained and operated by Herlihy Helicopters, d/b/a Helicopter Flight Services (Herlihy).

31.     In November 2016, the throttle cable broke, a frequent occurrence in this model, but due to the Sikorsky Defendants' policy of out sourcing spares, no spare parts were available.

32.     Herlihy contracted with McFarlane Aviation Products of Wichita, Kansas to build a throttle cable for this application to replace the engine.

33.     Herlihy installed the throttle cable in accordance with the then current maintenance manual, for which the Sikorsky Defendants were alone responsible, and for approximately ten months it operated normally.

34.     On the day of the accident, Herlihy was to have nothing to do with the event taking place at the Flying W Airport in which the Plaintiff's decedent was to be the headline performer with the group Montgomery Gentry.

35.     Solely infortuitously, the pilot of the helicopter, a certified flight instructor and employee of Herlihy, offered Troy Gentry a sightseeing ride in the accident helicopter.

36.     Just as soon as the helicopter became airborne, the throttle cable jammed and the engine went to high speed.

37.     The decision was made to shut down the engine with the mixture control (*i.e.*, cutting off the gas) at an altitude of 959 feet, or about 850 feet above ground level, and perform a routine autorotation safely to the ground. (Autorotation is a procedure where the rotor system is permitted to free wheel and forward speed and rotor speed are translated into lift close to the ground where a soft landing can be made)

38.     Because of defects in the engine, throttle cable attachment and collective control, the helicopter did not enter autorotation as expected, it did not disengage smartly from the transmission so the engine the rotors slowed to a speed lower than would permit a safe autorotation, thus allowing the helicopter to drop like a stone to the ground below, killing all aboard.

39.     The collective, a control that changes rotor pitch, was unable to pitch the blades so they would speed up to slow the descent, due to defective design and physical limitations in the collective control and the cyclic control thus there was insufficient control authority to lower the nose of the helicopter given the slow rotor rpm to increase the airspeed and thus try to translate altitude and airspeed for increased rotor rpm.

40.     Additionally, defects in the overrunning clutch failed to allow the rotors to develop adequate RMP to make a safe autorotation.

41.     There was no procedure in the Pilot Operating Handbook (POH) to deal with this emergency, and no recommendations to afford the pilot any way out of the predicament in which he found himself.

Case ID: 180201141

**The Causes of Action**

## COUNT I
### *Plaintiff v. The Sikorsky Defendants*
### Negligence

42.     Plaintiff incorporates by reference Paragraphs 1 through 41 as though set forth at length hereinafter.

43.     The negligence of the Sikorsky Defendants consisted of the following:

a.      Failing to comply with the Federal Aviation Regulations applicable to Type Certificate Holders

b.      Failing to comply with the Federal Aviation Regulations with respect to providing Continuing Airworthiness Instructions regarding aircraft or helicopters for which it is Type Certificate Holder.

c.      Failing to provide updates, amendments and other necessary information in the POH for pilots to deal with emergencies.

d.      Failing to provide emergency instructions for dealing with jammed throttles.

e.      Failing to provide adequate emergency instructions for dealing with emergency landings with engines at high power.

f.      Failing to provide adequate emergency instructions for conducting engine shutdowns and autorotation altitudes when engine shutdown at high power is done with the mixture control.

g.      Failing to provide POH and maintenance instructions for carburetor driven engine shutdowns, so as to determine how long it takes for an engine shutdown to disengage from the rotors.

8

Case ID: 180201141

h. Failing to give adequate maintenance instructions for the main rotor system overrunning clutch.

i. Failing to provide an accurate dead man's curve diagram for emergency engine shutdown autorotations especially from high power engine shutdowns.

j. Failing to provide adequate POH instructions for an emergency landing with engine stuck at high power.

k. Failing to give adequate instructions for carburetor testing to determine time for engine shutdown for using the mixture control when the engine is stuck at high power

l. Failing to provide adequate parts support for items such as the throttle cable, engine controls or sprag clutch components.

m. Failing to provide adequate testing instructions for the clutch disengagement time with the engine at high power.

n. Failing to make the clutch a life limited part.

o. Failing to give instructions on engine restart if rotor system does not release from the engine when it is at high power.

p. Failing to offer retrofit of the helicopter with crashworthy components such as rate foam, stroking seats and high G skids.

q. Failing to make available any crashworthiness improvements.

r. Failing to issue sufficiently comprehensive instructions for continuing airworthiness for the clutches, rotor system collective and components that interface between the throttle cable and carburetor.

s. Failing to carefully review Service Difficulty Reports and accident/incident data, and issuing amendments to the POH and Maintenance Manuals.

9

t.      Failing to warn owners, operators and maintainers of the 300CB that attempting to shut down the engine with the mixture control could delay engine shutdown, thus delaying release by the sprag clutch and endangering the successful completion of an autorotation.

u.      Failing to provide a procedure whereby immediate engine power could be restored in the event that rotor system disengagement did not timely occur.

v.      Failing to provide an airstart procedure.

w.      Failing to afford sufficient maintenance, technical and parts support the anticipatable consequence of which was inadequate maintenance.

x.      Failing to provide any occupant protection at all in the form of a five point harness, rate foam in the seat cushions, stroking seats, wide skid shock absorbing features or any other device to minimize the impact on occupants in case of a hard landing.

y.      Failing to implement any of the recommended changes to improve occupant safety made by the U.S Army, McDonnel Douglas Helicopters and others.

z.      Failing to provide any emergency procedures for a loss of throttle cable function, in spite of repeated warnings that such failures were occurring in the field.
Failing to afford protection from the engine entering the passenger compartment and injuring or enhancing the injuries to occupants in the case of a hard landing.

44.    As a direct result of the negligence of these Defendants, the throttle cable jammed, the collective failed to bottom, and the clutch failed to timely release the transmission, among other helicopter component failures making an autorotation impossible.

WHEREFORE, Plaintiff demands judgment against these Defendants for compensatory and punitive damages in the amount in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs, attorney's fees and such other relief as the Court deems appropriate.

Case ID: 180201141

**COUNT II**
*Plaintiff v. The Sikorsky Defendants*
**Strict Liability**

45.    Plaintiff incorporates by reference Paragraphs 1 through 44 as though set forth at length hereinafter.

46.    The Sikorsky defendants are in the business of designing, inspecting, testing, distributing, selling, supplying, overhauling, rebuilding, servicing, supporting, maintaining and/or repairing and selling helicopters, and are the type certificate holders and/or production certificate holders responsible for ensuring continuing airworthiness for the accident model helicopter.

47.    The Sikorsky defendants designed, developed, manufactured, assembled, inspected, distributed, sold supplies, overhauled, rebuilt, serviced, supported, maintained, modified and/or repaired the accident helicopter and its component parts, detailed herein, which were, defective and unreasonably dangerous.

48.    The dangerous defects which caused this accident existed at the time the accident helicopter and component parts were first sold by the Defendant.

49.    The helicopter and component parts, detailed herein, were in the same condition as when first sold.

50.    The Sikorsky Defendants purchased the product line of the Schweitzer helicopters in 2003 and Schweitzer dissolved and no longer existed.

51.    The Sikorsky Defendants are strictly liability as the successors to Schweizer who are responsible for the product line for the 269 helicopter.

52.    As the transferee of the FAA Type Certificate, the Sikorsky Defendants became fully responsible for the continuing airworthiness of the helicopter.

11

Case ID: 180201141

53.   The Sikorsky Defendants assumed the obligations of Schweizer when they purchased the product line, and became a mere continuation of Schweizer and undertook the same operations of Schweizer.

54.   Continuing airworthiness means that the Sikorsky Defendants must receive Service Difficulty Reports, make returned parts examinations from helicopters it is the Type Certificate holder for collect information from the field about malfunctions, and with that information and the information obtained through exposure to the lore of the product, its reputation in the field and customer discussions make such corrections, additions, modifications and changes necessary to assure the continued airworthiness and safety of the helicopter and its occupants.

55.   The Sikorsky Defendants are also obligated to provide parts support, such that failed and failing components could be replaced quickly and efficiently, thus to assure that original equipment parts could be used as necessary to prevent failure of the helicopter and accidents.

56.   The Sikorsky Defendants, in spite of their absolute obligation to do so, failed and refused to supply parts in adequate quantities to meet demand for unreliable components, especially throttle cables and attachment hardware a practice for which it has a well-earned bad reputation among its customers.

57.   The Sikorsky Defendants were also obligated to make regular and necessary changes to the Flight Manual of the helicopter, called the Pilot Operating Handbook or POH.

58.   The POH is relied upon by helicopter pilots to know how to handle emergency circumstances, and is a necessary part of the training of both pilots and their flight instructors.

59.   The Sikorsky Defendants, in spite of the absolute obligation to do so, failed to amend, enlarge and amplify the emergency procedures in the POH, and failed and refused to do so even after accidents revealed that the existing procedures were inadequate.

12

60.     As a direct result of the failures of the Sikorsky Defendants to meet their legal obligations under the Federal Aviation Regulations as the owner of the Type Certificate for the helicopter, Herlihy and the pilot of this accident helicopter were clueless why the engine went to high speed and how to handle the emergency.

61.     As a direct result of the failure of the Sikorsky Defendants to provide continuing airworthiness instructions, owner Herlihy was clueless that the engine could suddenly go to full power, be unable to be controlled by the pilot, and then fail to promptly shut down with the mixture control and release the rotors.

62.     As a direct result of the Sikorsky Defendants failures to assume direct and complete control over the continued safety of the helicopter, critical crashworthiness features were not installed, such as rate foam in the seats, a stroking seat, wide skids with shock absorbers, to name a few.

63.     As a direct result of the refusal of the Sikorsky Defendants to assume their statutorily mandated duties, the parts and information necessary to maintain continuing airworthiness and the information necessary to cope with anticipatable failures was not provided to the operator, owner and flight crew, so the helicopter crashed killing all aboard.

64.     There was nothing that Sikorsky Defendants were required to do that was in any manner not justified or necessary due to the risks that failure to do so imposed on the occupants.

65.     There were no obvious defects and risks that were visible, open and notorious that would have warned the occupants of the helicopter that disaster was about to strike.

WHEREFORE, Plaintiff demands judgment against these Defendants for compensatory and punitive damages in the amount in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs, attorney's fees and such other relief as the Court deems appropriate.

Case ID: 180201141

**COUNT III**
*Plaintiff v. The Sikorsky Defendants*
<u>Breach of Warranty</u>

66.     Plaintiff incorporates by reference Paragraphs 1 through 65 as though set forth at length hereinafter.

67.     As a result of the purchase of the assets and product line of Schweitzer and the assumption of ownership of the Type Certificate, the Sikorsky Defendants became obligated to warrant to the owners, operators and to the world that the Model 300CB, would under its stewardship continue to remain airworthy, that parts to support continued airworthiness would continue to be manufactured in sufficient quantities to support the fleet, and that there would be a robust product support organization to provide technical and flight support to those who own, operate, maintain and fly this model.

68.     Almost from the outset, the Sikorsky Defendants breached this obligation by failing to integrate the Model 269/300CB into its organization, instead opting to farm out the manufacture, engineering support, technical support and service support obligations to Keystone Helicopter Corporation, a wholly owned subsidiary, which then operated as Sikorsky Global Helicopters.

69.     As was the Sikorsky Defendants' practice, and long criticized by its customers, they outsourced parts supplies for the Model 269/300CB, such that there was no cohesive, dependable and consistent parts supplier for anything related to this Model, which put into place the ingredients for disaster.

70.     As a direct result of the Sikorsky Defendants' abstention from their support obligations, critical part, such as throttle cables, engine controls and flight control components

14

frequently failed parts, had to be purchased from non–OEM suppliers, used parts suppliers and others in an effort to keep this Model 300CB airborne.

71.    The Sikorsky Defendants made little or no effort to assist their customers to obtain parts, and even less effort to assist the technical airworthiness support so vital to ensuring an accident-free working environment.

72.    That abstention resulted in maintainers of the accident model helicopters to have to scrounge replacement parts and wonder how to continue operation of the Model 269 in their fleets.

73.    As a direct result of this breach of the warranty of continued airworthiness support, improvements to trouble and failure prone parts was lacking and upgrades to provide crashworthiness enhancements were absent as a result of which the Plaintiff's decedent was killed.

WHEREFORE, Plaintiff demands judgment against these Defendants for compensatory and punitive damages in the amount in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs, attorney's fees and such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury of twelve (12) on all of the above counts.

THE WOLK LAW FIRM

*/s/Arthur Alan Wolk*_____
Arthur Alan Wolk, Esquire
Michael S. Miska, Esquire
*Attorneys for Plaintiffs*

Case ID: 180201141

## VERIFICATION

The averments or denials of facts contained in the foregoing Plaintiff's Complaint are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, the undersigned have been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signers have knowledge or information sufficient to form a belief that one of them is true. This verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_Angela K. Gentry, Executrix_
ANGELA K. GENTRY, Individually and as Executrix
Of the Estate of TROY LEE GENTRY

Date: 2/13/2018

Case ID: 180201141

# EXHIBIT B



**B&R**
Services for Professionals Inc.

235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169



*National Association of Professional Process Servers*

Angela K. Gentry, et al                                    :        **COURT**         Court of Common Pleas of
                                                                                      Pennsylvania
        -VS-                                                                          Philadelphia County - Civil
Sikorsky Aircraft Corporation , et al                      :        **CASE NUMBER**   *Filed and Attested by the Office of Judicial Records*
                                                                                      *28 FEB 2018 10:05 am*
                                                                                      *C. MILLER*

                                                                    **AFFIDAVIT**

State of _____

County of _____

                                                                    **B&R Control #** CS144604.01
                                                                    **Reference Number**

2|15

---

**FORWARDED SERVICE**

Now, on 2/14/2018, I do hereby request the Sheriff of **Chester County**
to serve this **Complaint/Notice to Defend/Civil Cover Sheet** and make return thereof In accordance with the Law, for service upon
**Sikorsky Aircraft Corporation** at **110 E. Stewart Huston Drive, Coatesville , PA 19320**
By (Competent Adult) Linda Robertson        Sheriff Check Amt $200.00   #20338

**** SPECIAL INSTRUCTIONS" ****
1/3  PLEASE RUSH SERVE TODAY

---

☒ **Served  Date** 2/15/18  **Time** 11:48 AM **Accepted By:** Rob  Schottmiller  (Plc)

In the manner described below.

☐ Personally served.
☐ Adult in charge of residence. Relationship is _____
☐ Adult in charge of residence who refused to give name and/or relationship. _____
☐ Manager/Clerk of place of residence lodging _____
☒ Agent or person authorized to accept service  ① _____
☐ Other _____

**Description of Person**  Age _____ Height _____ Weight _____ Race W Sex M
                          Other _____

☐ **Not Served  Date** _____ **Time** _____  ☐ Moved  ☐ Unknown  ☐ No Answer  ☐ Vacant

☐ **Other** _____

---

The Process Server, was at the time of service a competent adult, over 18      Sworn to and subscribed before me this
years of age, not having a direct interest in the litigation. I declare under   30th day of February 2018
penalty of perjury that the foregoing is true and correct.
Process Server/Sheriff  4 Matthew J Bruton #38                                  Notary Public _____

---

Client   Phone (215) 545-4220        :    **Filed Date:** 2/14/2018  **BR Serve By:** 02/14/2018

Vicki  Greco
The Wolk Law Firm
1710-1712 Locust Street

Philadelphia, PA  19103

COMMONWEALTH OF PENNSYLVANIA
**NOTARIAL SEAL**
**ELISA P DIMATTIA**
Notary Public
WEST CHESTER BORO, CHESTER COUNTY
My Commission Expires Dec 6, 2019

Case ID: 180201

Rob
Schottmiller      Refund ck# 309559,  $ 88.00        ORIGINAL



235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169



National Association of
Professional Process Servers

Angela K. Gentry, et al

-VS-

Sikorsky Aircraft Corporation , et al

:   **COURT**   Court of Common Pleas of
Pennsylvania
Philadelphia County - Civil
Filed and Attested by the
Office of Judicial Records
28 FEB 2018 10:08 am
C. MILLER

:   **CASE NUMBER**

State of _____

County of _____

**AFFIDAVIT**

20          50c
3 B 1 C       3 4 5 6

2/15

**B&R Control #** CS144604.02

**Reference Number**

---

**FORWARDED SERVICE**

Now, on 2/14/2018, I do hereby request the Sheriff of <u>Chester County</u>
to serve this **Complaint/Notice to Defend/Civil Cover Sheet** and make return thereof in accordance with the Law, for service upon
<u>Sikorsky Global Helicopters, Inc.</u> at <u>110 E. Stewart Huston Drive, Coatesville , PA 19320</u>
By (Competent Adult) Linda Robertson      Sheriff Check Amt $0   #20338

**** <u>SPECIAL INSTRUCTIONS" ****</u>
2/3 PLEASE RUSH SERVE TODAY

---

[X] Served  Date  2/15/18   Time  11:48 AM  Accepted By:  Rob Schott miller  (PIC)

In the manner described below.
[ ]  Personally served.
[ ]  Adult in charge of residence. Relationship is _____
[ ]  Adult in charge of residence who refused to give name and/or relationship. _____
[ ]  Manager/Clerk of place of residence lodging _____
[X]  Agent or person authorized to accept service  (1)  _____
[ ]  Other _____

**Description of Person**  Age _____  Height _____  Weight _____  Race  W  Sex  M
Other _____

[ ] **Not Served**  Date _____  Time _____  [ ] Moved  [ ] Unknown  [ ] No Answer  [ ] Vacant

[ ] Other _____

---

The Process Server, was at the time of service a competent adult, over 18
years of age, not having a direct interest in the litigation. I declare under
penalty of perjury that the foregoing is true and correct.

Process Server/Sheriff  4  Matthew J Bristow #38

Sworn to and subscribed before me this
20th day of February 2018

Notary Public  E. Mathis

---

Client   Phone (215) 545-4220

:       **Filed Date:** 2/14/2018  **BR Serve By:** 02/14/2018

Vicki Greco
The Wolk Law Firm
1710-1712 Locust Street

Philadelphia, PA 19103

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ELISA P DIMATTIA
Notary Public
WEST CHESTER BORO, CHESTER COUNTY
My Commission Expires Dec 6, 2018

Case ID: 180201141

ORIGINAL



235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

Services for Professionals Inc.





National Association of
Professional Process Servers

| | | | |
|---|---|---|---|
| Angela K. Gentry, et al | : | **COURT** | Court of Common Pleas of Pennsylvania |
| -VS- | | | Philadelphia County - Civil |
| Sikorsky Aircraft Corporation , et al | : | **CASE NUMBER** | Filed and Attested by the Office of Judicial Records 28 FEB 2018 10:32 am C. MILLER |
| State of _____ | | **AFFIDAVIT** | |
| County of _____ | | | **B&R Control #** CS144604.02 |
| | | | **Reference Number** |

**FORWARDED SERVICE**

Now, on 2/14/2018, I do hereby request the Sheriff of **Chester County**
to serve this **Complaint/Notice to Defend/Civil Cover Sheet** and make return thereof in accordance with the Law, for service upon
**Sikorsky Global Helicopters, Inc.** at **110 E. Stewart Huston Drive, Coatesville , PA 19320**
By (Competent Adult) Linda Robertson      Sheriff Check Amt $0  #20338

**** SPECIAL INSTRUCTIONS" ****
2/3 PLEASE RUSH SERVE TODAY

---

[X] **Served** Date 2/15/18  Time 11:48 AM **Accepted By:** Rob Schottmiller (PIC)

In the manner described below.
[ ] Personally served.
[ ] Adult in charge of residence. Relationship is _____
[ ] Adult in charge of residence who refused to give name and/or relationship.
[ ] Manager/Clerk of place of residence lodging _____
[X] Agent or person authorized to accept service  (1) _____
[ ] Other _____

**Description of Person**  Age _____  Height _____  Weight _____  Race W  Sex M
                          Other _____

[ ] **Not Served** Date _____  Time _____  [ ] Moved  [ ] Unknown  [ ] No Answer  [ ] Vacant
[ ] Other _____

---

The Process Server, was at the time of service a competent adult, over 18
years of age, not having a direct interest in the litigation. I declare under
penalty of perjury that the foregoing is true and correct.

Process Server/Sheriff  4 Matthew J Buston #38

Sworn to and subscribed before me this
20th day of February 2018

Notary Public _____

---

Client      Phone (215) 545-4220      :      **Filed Date:** 2/14/2018  **BR Serve By:** 02/14/2018

Vicki Greco
The Wolk Law Firm
1710-1712 Locust Street
Philadelphia, PA 19103

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ELISA P DIMATTIA
Notary Public
WEST CHESTER BORO, CHESTER COUNTY
My Commission Expires Dec 6, 2018

ORIGINAL

**B&R**
Services for Professionals Inc.

235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

National Association of
Professional Process Servers

| Angela K. Gentry, et al | : | **COURT** | Court of Common Pleas of Pennsylvania |
| | | | Philadelphia County Civil |
| -VS- | | | Filed and Attested by the |
| Sikorsky Aircraft Corporation , et al | : | **CASE NUMBER** | Office of Judicial Records |
| | | | 28 FEB 2018 10:11 am |
| | | **AFFIDAVIT** | C. MILLER |

State of _____

County of _____

**B&R Control #** CS144604.03

**Reference Number**

2/15

### FORWARDED SERVICE

Now, on 2/14/2018, I do hereby request the Sheriff of <u>Chester County</u>
to serve this **Complaint/Notice to Defend/Civil Cover Sheet** and make return thereof in accordance with the Law, for service upon
<u>Keystone Helicopter Corporation</u> at <u>110 E. Stewart Huston Drive, Coatesville, PA 19320</u>
By (Competent Adult) Linda Robertson    Sheriff Check Amt $0  #20338

**** <u>SPECIAL INSTRUCTIONS" ****</u>
3/3  **PLEASE RUSH SERVE TODAY**

---

[X] **Served  Date** 2/15/18  **Time** 11:48 AM **Accepted By:** Rob Schottmiller (PIC)

In the manner described below.
- [ ] Personally served.
- [ ] Adult in charge of residence. Relationship is _____
- [ ] Adult in charge of residence who refused to give name and/or relationship. _____
- [ ] Manager/Clerk of place of residence lodging _____
- [X] Agent or person authorized to accept service ① _____
- [ ] Other _____

**Description of Person**  Age _____  Height _____  Weight _____  Race W  Sex M

Other _____

[ ] **Not Served  Date** _____  **Time** _____  [ ] Moved  [ ] Unknown  [ ] No Answer  [ ] Vacant

[ ] Other

---

The Process Server, was at the time of service a competent adult, over 18
years of age, not having a direct interest in the litigation. I declare under
penalty of perjury that the foregoing is true and correct.

Process Server/Sheriff  4  Matthew J Baxter # 38

Sworn to and subscribed before me this
20th day of February 2018

Notary Public _____

---

**Client**    Phone (215) 545-4220

| : | **Filed Date:** 2/14/2018 | **BR Serve By:** 02/14/2018 |

Vicki Greco
The Wolk Law Firm
1710-1712 Locust Street

Philadelphia, PA 19103



COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ELISA P DIMATTIA
Notary Public
WEST CHESTER BORO, CHESTER COUNTY
My Commission Expires Dec 6, 2019

ORIGINAL

Case ID: 180201141

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANEGLA K. GENTRY, Individually :
and as Executrix of the Estate of :
TROY LEE GENTRY, :
Deceased, :
 :  Civil Action No.:
   Plaintiff, :
 :
   v. :
 :
SIKORSKY AIRCRAFT CORPORATION :
SIKORSKY GLOBAL HELICOPTERS, INC. :
and KEYSTONE HELICOPTER :
CORPORATION, :
 :
   Defendants. :

## DECLARATION OF JERRY MESHELL

  I, Jerry Meshell, being over the age of 18, under no disability, and being duly sworn, state as follows:

  1.  I am employed by Lockheed Martin as Tax Counsel for Sikorsky Aircraft Corporation, and I am authorized to execute this Declaration on behalf of Sikorsky Aircraft Corporation.

  2.  I began my career as a Tax Manager with Sikorsky Aircraft Division of United Technologies Corporation in December 1985. I continued in that role from December 20, 1985 through December 31, 1994. From January 1, 1995 through December 31, 1998, I was employed as Tax Manager for Sikorsky Aircraft Corporation. From January 1, 1999 through October 15, 2015, I worked as Senior Tax Manager for United Technologies Corporation. From October 16, 2015 through January 8, 2018, I worked as the Senior Tax Manager for Sikorsky

Aircraft Corporation.   From January 9, 2017, through the present I have been employed by Lockheed Martin Corporation as  Tax Counsel for Sikorsky Aircraft Corporation.

3.      I make this Declaration based upon my personal knowledge and information available to me in my capacity  as Tax Counsel for Sikorsky Aircraft Corporation.

4.      Sikorsky Aircraft Corporation ("SAC") is  incorporated under the laws of the State of Delaware with its principal place of business in Stratford, Connecticut.

5.      Keystone Helicopter Corporation was incorporated in July 31, 1961.  Attached hereto as Exhibit "1" is a true and correct copy of the Articles of Amendment, dated October 3, 2011 and filed with the Pennsylvania Department of State.

6.      On or about October 3, 2011, Keystone Helicopter Corporation filed Articles of Amendment, which changed its name from Keystone Helicopter Corporation to Sikorsky Global Helicopters, Inc.

7.      Effective January 1, 2015, Sikorsky Global Helicopters, Inc., merged into Helicopter Support, Inc.   Attached hereto as Exhibit "2" is a true and correct copy of the Certificate of Merger dated December 29, 2014 and filed with the Pennsylvania Department of State that same day.

8.      Helicopter Support, Inc. is incorporated under the laws of Connecticut and maintains its principal place of business in Connecticut.  *See id.*

9.      As of January 1, 2015, Sikorsky Global Helicopters, Inc., ceased to exist as an incorporated entity.

10.     Sikorsky Global Helicopters, Inc. is registered as a fictitious corporation in Pennsylvania.  Attached as Exhibit "3" is a true and correct copy of the SGH Registration of Fictitious Name and Entity Report.

2

I, Jerry Meshell, declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Date: _3/6/2018_                                        _Jerry Meshell_
                                                        Jerry Meshell

3

# EXHIBIT 1

Entity #: 188114
Date Filed: 10/03/2011
Carol Aichele
Secretary of the Commonwealth

**PENNSYLVANIA DEPARTMENT OF STATE**
**CORPORATION BUREAU**

## Articles of Amendment-Domestic Corporation
(15 Pa.C.S.)

☑ Business Corporation (§ 1915)
☐ Nonprofit Corporation (§ 5915)

| Name |  |
| Address | |
| City | State | Zip Code |
| | 826 26 86 50 1 | |

Commonwealth of Pennsylvania
ARTICLES OF AMENDMENT-BUSINESS 5 Page(s)

T1127711073

In compliance with the requirements of the applicable provisions (relating to articles of amendment), the undersigned, desiring to amend its articles, hereby states that:

1. The name of the corporation is:
   Keystone Helicopter Corporation

2. The (a) address of this corporation's current registered office in this Commonwealth or (b) name of its commercial registered office provider and the county of venue is (the Department is hereby authorized to correct the following information to conform to the records of the Department):
   (a) Number and Street        City        State        Zip        County

   (b) Name of Commercial Registered Office Provider        County
   c/o  CT Corporation System                               Chester

3. The statute by or under which it was incorporated: 909 BCL, Approved May 5, 1933, P.L. 364

4. The date of its incorporation: 7/31/1961

5. *Check, and if appropriate complete, one of the following:*

   ☐ The amendment shall be effective upon filing these Articles of Amendment in the Department of State.
   ☑ The amendment shall be effective on: 10-3-2011 at 12:00 am
                                          Date              Hour

DSCB:15-1915/5915–2

6. *Check one of the following:*

[ ] The amendment was adopted by the shareholders or members pursuant to 15 Pa.C.S. § 1914(a) and (b) or § 5914(a).

[✓] The amendment was adopted by the board of directors pursuant to 15 Pa. C.S. § 1914(c) or § 5914(b).

7. *Check, and if appropriate, complete one of the following:*

[ ] The amendment adopted by the corporation, set forth in full, is as follows

Sikorsky Global Helicopters, Inc.

[✓] The amendment adopted by the corporation is set forth in full in Exhibit A attached hereto and made a part hereof.

8. *Check if the amendment restates the Articles:*

[ ] The restated Articles of Incorporation supersede the original articles and all amendments thereto.

IN TESTIMONY WHEREOF, the undersigned corporation has caused these Articles of Amendment to be signed by a duly authorized officer thereof this

**3rd** day of October 

2011

Sikorsky Global Helicopters, Inc.
_____
Name of Corporation

_____
Signature

Christopher J. Brogan, Secretary
_____
Title

# UNANIMOUS ACTION BY WRITTEN CONSENT
# OF THE
# BOARD OF DIRECTORS
# OF
# KEYSTONE HELICOPTER CORPORATION

The undersigned, being all the members of the Board of Directors (the "Board") of KEYSTONE HELICOPTER CORPORATION, a Pennsylvania corporation having a principal place of business in Coatesville, Pennsylvania, hereby consent to the adoption of the following resolutions as duly authorized and valid action pursuant to the provisions of the Pennsylvania General Corporation Law:

## AMENDMENT OF THE ARTICLES OF DOMESTICATION

**RESOLVED**, that the Corporation desires to effect a change of name of Keystone Helicopter Corporation, to Sikorsky Global Helicopters, Inc; and

**RESOLVED**, that the Articles of Domestication, of Keystone Helicopter Corporation, a Pennsylvania corporation, are amended as follows:

"1. The name of the Corporation is: SIKORSKY GLOBAL HELICOPTERS, INC."

## GENERAL AUTHORIZATION

**RESOLVED**, that all prior actions taken by any officer or employee of the Company in furtherance of the purposes of the forgoing resolutions be, and they hereby are approved, ratified and confirmed in all respects; and be it further

**RESOLVED**, that the proper officers of the Company be, and each hereby is, individually authorized, empowered and directed in the name and on behalf of the Company, to execute and deliver to the appropriate party any and all such other agreements, documents, certificates, notices and instruments, if required, and to take any and all such further action of any nature whatsoever as they shall, in their sole discretion, determine to be necessary or advisable to carry out the transactions contemplated by the preceding resolutions (the execution and delivery thereof and the performance of any and all action by such officer to constitute conclusive evidence of such determination); and be it further

**RESOLVED**, that this Written Consent may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument; and be it further

**RESOLVED**, that the Secretary of the Company is hereby directed to file this Written Consent with the minutes of the meetings of the Board.

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent, and is effective as of 3rd day of October, 2011.

Edward Beyer

Christopher Brogan

Stephen Page

# EXHIBIT 2

Entity #: 4317532
Date Filed: 12/29/2014
Effective Date: 01/01/2015
Carol Aichele
Secretary of the Commonwealth

**PENNSYLVANIA DEPARTMENT OF STATE**
**BUREAU OF CORPORATIONS AND CHARITABLE ORGANIZATIONS**

## Articles/Certificate of Merger
(15 Pa.C.S.)

_X_ Domestic Business Corporation (§ 1926)
___ Domestic Nonprofit Corporation (§ 5926)
___ Limited Partnership (§ 8547)

| Name | CT - COUNTER |
| Address | |
| City 9389335 SoPA 1 | State | Zip Code |

Document will be returned to the name and address you enter to the left.

Commonwealth of Pennsylvania
ARTICLES OF MERGER-BUSINESS 4 Page(s)

Fee: $150 plus $40 additional for each
Party in additional to two

T1436367041

In compliance with the requirements of the applicable provisions (relating to articles of merger or consolidation), the undersigned, desiring to effect a merger, hereby state that:

1. The name of the corporation/limited partnership surviving the merger is:
Helicopter Support, Inc.

2. *Check and complete one of the following:*
___ The surviving corporation/limited partnership is a domestic business/nonprofit corporation/limited partnership and the (a) address of its current registered office in this Commonwealth or (b) name of its commercial registered office provider and the county of venue is (the Department is hereby authorized to correct the following information to conform to the records of the Department):

| (a) Number and Street | City | State | Zip | County |

| (b) Name of Commercial Registered Office Provider | | County |
| c/o | | |

_X_ The surviving corporation/limited partnership is a qualified foreign business/nonprofit corporation /limited partnership incorporated/formed under the laws of ___Connecticut___ and the (a) address of its current registered office in this Commonwealth or (b) name of its commercial registered office provider and the county of venue is (the Department is hereby authorized to correct the following information to conform to the records of the Department):

| (a) Number and Street | City | State | Zip | County |

| (b) Name of Commercial Registered Office Provider | | County |
| c/o CT Corporation System | | Chester |

___ The surviving corporation/limited partnership is a nonqualified foreign business/nonprofit corporation/limited partnership incorporated/formed under the laws of _____ and the address of its principal office under the laws of such domiciliary jurisdiction is:

| Number and Street | City | State | Zip |

2014 DEC 29 AM 9: 41
COMM OF PA
DEPT OF STATE

PA025 - 06/19/2013 Wolters Kluwer Online

DSCB:15-1926/5926/8547–2

---

3. The name and the address of the registered office in this Commonwealth or name of its commercial registered office provider and the county of venue of each other domestic business/nonprofit corporation/limited partnership and qualified foreign business/nonprofit corporation/limited partnership which is a party to the plan of merger are as follows:

| Name | Registered Office Address | Commercial Registered Office Provider | County |
|---|---|---|---|
| Sikorsky Global Helicopters, Inc. | | c/o CT Corporation System | Chester |

---

4. *Check, and if appropriate complete, one of the following:*

\_\_\_\_ The plan of merger shall be effective upon filing these Articles/Certificate of Merger in the Department of State.

✗ The plan of merger shall be effective on: January 1, 2015         at 12:01 AM                .
                                                       Date                    Hour

---

5. The manner in which the plan of merger was adopted by each domestic corporation/limited partnership is as follows:

| Name | Manner of Adoption |
|---|---|
| Sikorsky Global Helicopters, Inc. | Adopted by unanimous consent of the board of directors and sole shareholder pursuant to 15 Pa.C.S. Section 1924(a). |

---

6. *Strike out this paragraph if no foreign corporation/limited partnership is a party to the merger.*
The plan was authorized, adopted or approved, as the case may be, by the foreign business/nonprofit corporation/limited partnership (or each of the foreign business/nonprofit corporations/limited partnerships) party to the plan in accordance with the laws of the jurisdiction in which it is incorporated/organized.

---

7. *Check, and if appropriate complete, one of the following:*

\_\_\_\_ The plan of merger is set forth in full in Exhibit A attached hereto and made a part hereof.

✗ Pursuant to 15 Pa.C.S. § 1901/§ 8547(b) (relating to omission of certain provisions from filed plans) the provisions, if any, of the plan of merger that amend or constitute the operative provisions of the Articles of Incorporation/Certificate of Limited Partnership of the surviving corporation/limited partnership as in effect subsequent to the effective date of the plan are set forth in full in Exhibit A attached hereto and made a party hereof. The full text of the plan of merger is on file at the principal place of business of the surviving corporation/limited partnership, the address of which is.

| c/o Sikorsky Aircraft Corporation | 6900 Main Street, Mailstop: S106A | Stratford, CT | 06615-9129 | Fairfield |
|---|---|---|---|---|
| Number and street | City | State | Zip | County |

---

DSCB: 15-1926/5926/8547-3

IN TESTIMONY WHEREOF, the undersigned
corporation/limited partnership has caused these
Articles/Certificate of Merger to be signed by a duly
authorized officer thereof this

_____ day of December _____ ,

2014 ____ .

Sikorsky Global Helicopters, Inc.
_____
Name of Corporation/Limited Partnership
_____
Signature
_____
Title

Helicopter Support, Inc.
_____
Name of Corporation/Limited Partnership
_____
Signature
_____
Title

**EXHIBIT A**

2.   The present certificate of incorporation of HSI as in effect immediately prior to the Effective Time shall be the certificate of incorporation of the Surviving Corporation at the Effective Time without any amendment thereto.  No new corporations or limited liability companies are being created pursuant to this merger.

# EXHIBIT 3

Entity #: 4319746
Date Filed: 12/29/2014
Carol Aichele
Secretary of the Commonwealth

# PENNSYLVANIA DEPARTMENT OF STATE
# BUREAU OF CORPORATIONS AND CHARITABLE ORGANIZATIONS

## Application for Registration of Fictitious Name
54 Pa.C.S. § 311

Name

**CT - COUNTER**

Address

City         State         Zip Code

9389335   SOPA 3

Document will be returned to the name and address you enter to the left.

Commonwealth of Pennsylvania
FICTITIOUS NAME 4 Page(s)

T1436367046

Fee: $70

In compliance with the requirements of 54 Pa.C.S. § 311 (relating to registration), the undersigned entity(ies) desiring to register a fictitious name under 54 Pa.C.S. Ch. 3 (relating to fictitious names), hereby state(s) that:

1. The fictitious name is:
Sikorsky Global Helicopters, Inc.

2. A brief statement of the character or nature of the business or other activity to be carried on under or through the fictitious name is:
Selling spare parts for Sikorsky-made and non-Sikorsky made helicopters

3. The address, including number and street, if any, of the principal place of business (P.O. Box alone is not acceptable):

| 110 E. Stewart Huston Drive | Coatesville | PA | 19320 | Chester |
|---|---|---|---|---|
| Number and street | City | State | Zip | County |

4. The name and address, including number and street, if any, of each individual interested in the business is:

| Name | Number and Street | City | State | Zip |
|---|---|---|---|---|
| | | | | |

2014 DEC 29   AM 9: 41

COMM OF PA
DEPT OF STATE

PA.016 - 06/19/2013 Wolters Kluwer Online

DSCB:54-311-2

---

5. Each entity, other than an individual, interested in such business is (are):

| Helicopter Support, Inc. | Corporation | Connecticut |
|---|---|---|
| Name | Form of Organization | Organizing Jurisdiction |

| 124 Quarry Road | Trumbull | CT | 06611 |
|---|---|---|---|
| Principal Office Address | | | |

| CT Corporation System | | Chester County |
|---|---|---|
| PA Registered Office, if any | | |

| | | |
|---|---|---|
| Name | Form of Organization | Organizing Jurisdiction |

Principal Office Address

PA Registered Office, if any

---

6. The applicant is familiar with the provisions of 54 Pa.C.S. § 332 (relating to effect of registration) and understands that filing under the Fictitious Names Act does not create any exclusive or other right in the fictitious name.

---

7. Optional): The name(s) of the agent(s), if any, any one of whom is authorized to execute amendments to, withdrawals from or cancellation of this registration in behalf of all then existing parties to the registration, is (are):

---

IN TESTIMONY WHEREOF, the undersigned have caused this Application for Registration of Fictitious Name to be executed this

17th  day of  December  2014

| _____ | _____ |
|---|---|
| Individual Signature | Individual Signature |

| _____ | _____ |
|---|---|
| Individual Signature | Individual Signature |

| Helicopter Support, Inc. | _____ |
|---|---|
| Entity Name | Entity Name |

| *[signature]* | _____ |
|---|---|
| Signature | Signature |

| Assistant Secretary | _____ |
|---|---|
| Title | Title |

Gretchen Carroll

**PENNSYLVANIA DEPARTMENT OF STATE**
**BUREAU OF CORPORATIONS AND CHARITABLE ORGANIZATIONS**

## Consent to Appropriation of Name
### (19 Pa.Code § 17.2)

Pursuant to 19 Pa. Code § 17.2 (relating to appropriation of the name of a senior corporation) the undersigned association, desiring to consent to the appropriation of its name by another association, hereby certifies that:

1. The name of the association executing this Consent of Name is:
   Sikorsky Global Helicopters, Inc.

2. The (a) address of this corporation's current registered office in this Commonwealth or (b) name of its commercial registered office provider and the county of venue is (the Department is hereby authorized to correct the following information to conform to the records of the Department):

   | (a) Number and Street | City | State | Zip | County |
   |---|---|---|---|---|

   | (b) Name of Commercial Registered Office Provider | County |
   |---|---|
   | c/o CT Corporation System | Chester |

3. The date of its incorporation or other organization is:   July 31, 1961

4. The statute under which it was incorporated or otherwise organized is:
   (15 Pa. C.S.A. Sec. 5306)

5. The association(s) entitled to the benefit of this Consent of Name is(are):
   Helicopter Support, Inc.

6. *The consenting association is about to (check one):*

   ____ Change its name   _X_ Cease to do business   ____ Withdraw from doing business in PA   ____ Is being wound up

IN TESTIMONY WHEREOF, the undersigned association has caused this consent to be signed by a duly authorized officer thereof this _18_ day of _December_ _2014_

_____
Signature

Gretchen Carroll, Assistant
Title
Secretary



# Commonwealth of Pennsylvania
## Bureau of Corporations and Charitable Organizations
401 North Street, Room 206, P.O. Box 8722
Harrisburg, PA  17105-8722
(717) 787-1057
www.dos.pa.gov/corps

## Entity Report

**March 06,2018**

Examination of the indices in the Department of State on the above date show a
Fictitious Name  was filed on December 29,2014 entitled:

**Sikorsky Global Helicopters, Inc.**

Entity #     4318746

Citizenship:   Domestic

With Address At:         110 E Stewart Huston Drive , Coatesville ,PA, 19320

**Corporate Officers on Record:**

Owner                          Helicopter Support, Inc.          % Ct Corporation System , , PA

**Filing History :**

| Date | Microfilm | Filing |
|------|-----------|--------|
| 12/29/2014 | | Fictitious Creation |

Certification Number :TSC180306172280-1
Verify this certificate online at https://www.corporations.pa.gov/order/verify